# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| TIMOTHY E. HATCHETT | * | |
| --- | --- | --- |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-09-950 |
| WARDEN, *et al.* | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 14. Plaintiff was granted two extensions of time in which to file an opposition to the motion. Papers No. 17 and 19. He was advised of the consequences of failing to file an opposition, but failed to do so. Paper No. 15. Upon review of the papers filed the court finds a hearing in this case unnecessary. *See* Local Rule 105.6 (D. Md. 2009). Defendants' motion shall be construed as a Motion for Summary Judgment and granted for the reasons that follow.

### Background

Plaintiff claims that on March 24, 2009, he returned to his cell from his work assignment at 7:15 a.m. and discovered that the water had been turned off. Paper No. 1 at p. 2. Plaintiff asked his cell mate, Otis Tutt, when the water was supposed to be turned back on, but Tutt could not tell him. *Id*. Plaintiff states that at 12:00 p.m. he "had to go really bad" so he relieved himself in a drink mix jug and closed the jug tight to prevent odor. *Id*. At 1:45 p.m., Officers Metz and Broadwater came to Plaintiff's cell with a sergeant to conduct a search. *Id*. Plaintiff claims he told the officers that the jug by the door contained urine and explained that it was done because the toilet did not flush while the water was turned off. *Id*. at p. 3. Plaintiff was told to

pour the urine into the toilet. Plaintiff refused to do so because he did not want to sit in a cell and smell urine for 10 hours. *Id*. He claims the officers suggested to him that refusing to follow their directive was not worth going to lock-up and advised that he could "muffle the smell" by putting his pillow or a sheet over the toilet. *Id*. Plaintiff again refused, stating that the windows were bolted shut, the heat was on high, and there is no air ventilation in the cell. *Id*.

Plaintiff was given a notice of infraction charging him with possession of a weapon, or any article modified into a weapon. *Id*. Plaintiff was found guilty of the infraction and received a segregation sentence of 75 days and loss of visits for six months. Paper No. 6 at p. 5. He states the hearing officer suggested that he could have flushed the toilet, telling him she can still flush the toilet at her house when the water is shut off. Paper No. 1 at p. 4. Plaintiff appealed the guilty finding to the warden, who reduced the infraction to an incident report, restored visiting privileges, and permitted Plaintiff to return to general population. Paper No. 6 at p. 5. Plaintiff states that property that was taken from him when he was assigned to segregation was not immediately returned to him when he was placed back into general population.[1] *Id*. Plaintiff also claims that he heard an officer comment that "I bet he won't write nobody up no more" when he told other inmates about the penalty he received. *Id*.

Defendants do not dispute most of the facts as alleged by Plaintiff, but state that there is no record of toilets not functioning during the relevant time period. Paper No. 14.

---

[1] Confiscation or loss of property does not state a constitutional claim. In the case of lost or stolen property, sufficient due process is afforded a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Thus, Plaintiff's claims regarding his property will be dismissed.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its]

pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

### Conditions of Confinement Claim

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

"[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.), *cert. denied*, 114 S. Ct. 393 (1993). The request made to Plaintiff to empty the bottle of urine into the toilet did not deprive him of a basic human need. Even if Plaintiff had complied with the order and was forced to endure the smell of an unflushed toilet for ten hours, as he alleges would have happened, the condition does not produce a serious or significant physical or emotional injury. Plaintiff has failed to demonstrate the extreme deprivations required. *See e.g.*, *Fruit v. Norris*, 905 F. 2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear

4

and ignoring other dangers to personal safety when working inside a raw sewage well established Eighth Amendment violation).

## Retaliation

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). To the extent that the Complaint can be construed as raising a claim of retaliation, Plaintiff fails to state facts sufficient to establish that he suffered any adversity in retaliation for exercising a constitutionally protected right. Indeed, it appears Plaintiff did not suffer any adversity as a result of this incident, inasmuch as the penalty imposed on him was lifted by the warden. Paper No. 14 at Ex. 1, pp. 11—12.

## Due Process

Plaintiff has a liberty interest in maintaining earned good conduct credits, and revocation of those credits may not take place without first providing him with the protections of procedural

due process.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Plaintiff's good conduct credit was never revoked and the sanction that was imposed was reversed by the warden.  Even if the adjustment hearing resulting in a guilty verdict was procedurally flawed, the warden's reversal cured any such defect.  *See Morisssette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) *citing Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991) (no denial of due process if the error the inmate complains of is corrected in the administrative appeal process); *see also Young v. Hoffman*, 970 F. 2d 1154, 1156 (2nd Cir. 1992) (administrative reversal is part of the due process protection afforded and cures any procedural defect that may have occurred).  The Complaint fails to state a due process claim.

## Conclusion

Having concluded that there is no genuine dispute of material fact warranting an evidentiary hearing on the merits of the claims raised, the court will, by separate Order, grant Defendants' Motion for Summary Judgment and close this case.


Date:  June 8, 2010                               _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge